THE PEOPLE *ex rel.* EDWARD V. HANRAHAN, State's Attorney of Cook County, Plaintiff-Appellee, *v.* 1970 PONTIAC AUTOMOBILE, Defendant-Appellant.

(No. 57888; ▮▮▮▮▮▮)

First District (4th Division)—September 26, 1973.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Sheldon Gardner, Michael H. Saken, Paul P. Biebel, Jr., Assistant State's Attorneys, and Jeffrey Kent, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered in the Circuit Court of Cook County wherein the forfeiture of the appellant's automobile was ordered pursuant to the Illinois Vehicle Forfeiture Act (Ill. Rev. Stat. 1971, ch. 38, §§ 36—1 *et seq.*).

On December 28, 1971, Ray Cutrell of Murfreesboro, Tennessee, was arrested in Northbrook, Illinois, by agents of the Metropolitan Narcotics

and Dangerous Drugs Enforcement Group and charged with sale and possession of marijuana which was seized in Cutrell's 1970 Pontiac automobile, Serial No. 276570A104608. Pursuant to the Illinois Vehicle Forfeiture Act (Ill. Rev. Stat. 1971, ch. 38, §§ 36—1 *et seq.*) the vehicle was also seized. On July 12, 1972, a hearing was held in the Circuit Court of Cook County wherein the appellant moved to dismiss the complaint upon which the vehicle had been seized based on the unconstitutionality of the Illinois Vehicle Forfeiture Act. The trial court denied the appellant's motion and entered a judgment ordering the vehicle forfeited. This is an appeal from that judgment.

The sole issue presented for review is whether the classifications within the Illinois Vehicle Forfeiture Act are so arbitrary and unreasonable as to be violative of the equal protection provision of the 14th Amendment of the United States Constitution.

The appellant contends the inclusion of certain crimes upon which a vehicle can be forfeited and the exclusion of certain other crimes in the Illinois Vehicle Forfeiture Act is an arbitrary classification which has no reasonable basis and is therefore violative of the equal protection rights assured him by the 14th Amendment. In support of this contention, the defendant primarily relies on the decision of the Illinois Supreme Court in *People v. McCabe,* (1971) 49 Ill.2d 338, wherein the court determined that a portion of the Illinois Drug Abuse Control Act which classified marijuana with narcotic drugs was unconstitutional since such classification had no reasonable basis. In light of the decision in *McCabe,* the defendant attempts to categorize the inclusion of certain crimes and the exclusion of certain other crimes in the Illinois Vehicle Forfeiture Act as similarly lacking a reasonable basis.

The appellant's reliance on *People v. McCabe* to support the argument that the classification of certain crimes upon which vehicles can be forfeited under the Illinois Vehicle Forfeiture Act is without reasonable basis and thereby violates the equal protection provision of the United States Constitution is not well taken. Although the court in *McCabe* did strike a portion of the Illinois Drug Abuse Control Act as having no reasonable basis for being classified as it was, the court also, and more importantly in regard to the appellant's argument in the instant case, did affirm the power of the State to establish classifications when such are needed:

> "The equal-protection clause does not deny the States the power to classify in the exercise of their police power and it recognizes the broad latitude and discretion in classifying. * * * If any state of facts may reasonably be conceived which would justify the classification, it must be upheld."

In view of the factual situation which led to the forfeiture of the appellant's vehicle, namely, the arrest of an out-of-state person for violation of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, §§ 701 *et seq.*), and the seizure of a substance governed by such act in his vehicle, this court would be derelict in its duty if it did not recognize that this is just the state of facts which the *McCabe* decision recognizes as necessary to justify and uphold the classifications of the Illinois Vehicle Forfeiture Act. For this reason we reject the appellant's contention that the Illinois Vehicle Forfeiture Act is violative of his equal protection rights. We hold the Act is constitutional.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.